QUESTION: Does the millage levied by the Escambia County School Board, known as District Bond Interest and Sinking Funds, in addition to the District Current School Fund millage, qualify as "current operating purposes," in reference to s. 196.031(3)(a), F. S.?
SUMMARY: Section 196.031(3)(a), F.S., as amended by Ch. 74-264, Laws of Florida, does not require application of the extended homestead exemption to school district tax levies previously pledged to payment of bonds which would be impaired by such exemption. Subject to explanation below, your question is answered in the negative. Section 196.031(3)(a), F.S., as enacted by Ch. 74-11, Laws of Florida, was repealed and enacted anew, and s.196.197(4)(b), F.S., which also referred to "current operating purposes" was amended, by Ch. 74-264, Laws of Florida. I assume, therefore, that you refer to those provisions. In addition to reasons expressed in my recent opinion 074-264 for the conclusion that the extended exemption covered by those sections does not prevent levy of bond millage previously pledged (those reasons including the uncertain security under s. 2, Ch. 74-264 for the ultimate repayment of bonds issued by those local governments covered by the trust fund therein established), it is clear that the trust fund provisions of the act do not include replacement revenues for the school district levy about which you inquire. Section 196.031(3)(a), F.S., as amended by s. 1, Ch. 74-264, Laws of Florida, provides that: . . . the exemption is increased to ten thousand dollars of assessed valuation for taxes levied by governing bodies of school districts, counties, municipalities, and special districts. (Emphasis supplied.) Section 196.032(2), F. S., as amended by s. 2, Ch. 74-264, Laws of Florida, creates a replacement trust fund and extends it to "each qualified county, municipality, or special district." There is accordingly no reference to school districts in distribution of the fund — only in the granting of the exemption are school districts mentioned. Nor may "special district" be interpreted in this context as including school districts. As quoted above, s. 196.031(3)(a) clearly differentiates between the two. Similarly, Art. VII, s. 9(a), State Const., provides that: "Counties, school districts and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes, for their respective purposes." (Emphasis supplied.) In addition, different millages are provided for special districts and school districts in Art. VII, s. 9(b), State Const., again separating the two references. See also, Art. VII, s. 8, State Const.
The legislative exclusion of school districts from the provision of s. 196.032(2), F.S., is consistent with the fact that the amount lost for current operating purposes by the school district because of the increased exemption is computed into the formula for the Florida education finance program. Section 236.081(7)(1)(a), F.S. [as amended by Ch. 74-227, Laws of Florida]. Although Ch. 71-309, Laws of Florida, established a replacement fund for revenue lost by school districts due to the increased exemption, s. 1, Ch. 74-264, Laws of Florida, repealed that provision. There are, therefore, no replacement trust funds available to secure the revenue, previously pledged to school debts, that would be lost by according such effect to the increased exemption. Accordingly, based on authorities cited in the above-referenced opinion, the act should not be construed to prevent levy of millage when such exemption would impair an existing contractual obligation represented by bonds.